IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>)<br>)<br>v.                            )<br>)<br>)<br>JOSEPH EUGENE COLAIZZI,   )<br>)<br>Defendant.         ) | Criminal Action No. 05-76 |

MEMORANDUM ORDER

CONTI, District Judge

On August 27, 2007, defendant Joseph Eugene Colaizzi ("defendant") filed a motion to reduce sentence, requesting this court to release him from custody. (Doc. No. 35).

*Background*

On April 1, 2005, defendant was indicted on four counts of mail fraud, in violation of 18 U.S.C. § 1341.  Defendant plead guilty to all counts of the indictment before this court on December 14, 2005.  A sentencing hearing was held on May 18, 2006, and defendant was sentenced to concurrent terms of 33 months each at counts one, two, three and four.  In addition, defendant was sentenced to concurrent three-year terms of supervised release at each count.  Finally, defendant was ordered to pay restitution to the victim institutions in the amount of $38,500.00.  On August 27, 2007, defendant filed a motion to reduce his sentence.  On September 20, 2007, the government responded to defendant's motion.   Defendant did not file an appeal of his sentence with the United States Court of Appeals for the Third Circuit.

*Discussion*

The defendant's motion was filed *pro se* seeking a reduction in his sentence, but he did not indicate any statute or rule under which the relief sought in his motion could be granted. The only basis for a court to correct or reduce a sentence is under Federal Rule of Criminal Procedure 35. Federal Rule of Criminal Procedure 35 sets forth the bases on which district courts may correct or reduce a sentence. That rule provides two ways in which a sentence may be modified. First, Rule 35(a) of the Federal Rules of Criminal Procedure allows for a correction for an arithmetical, technical or other clear error:

> (a) Correcting Clear Error. Within 7 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error.

FED. R. CRIM. P. 35(a). Second, Rule 35(b) of the Federal Rules of Criminal Procedure allows a court, *upon a motion by the government*, to reduce a defendant's sentence for substantial assistance in investigating or prosecuting another person.[1] See FED. R. CRIM. P. 35(b).

The court finds that, in this case, defendant's motion is untimely under Rule 35(a) and, even if timely, does not implicate either of the bases under Federal Rule of Criminal Procedure 35. By reason of Rule 35 being the only authority for this court to reduce a sentence, defendant's motion, therefore, must be denied.

Defendant's motion was filed more than fifteen months after he was sentenced. The sentencing of defendant occurred on May 18, 2006. Defendant's motion to reduce his sentence

---

1. "A motion under Rule 35(b) may not be made by the defendant, nor may a court reduce a sentence under 35(b) on its own, without a government motion." 3 CHARLES ALAN WRIGHT, NANCY J. KING & SUSAN R. KLEIN, FEDERAL PRACTICE AND PROCEDURE § 585.1 (3d ed. 2004).

was filed on August 27, 2007.  Pursuant to Federal Rule of Criminal Procedure 35(c), sentencing is defined as the oral announcement of the sentence.  As the oral announcement of defendant's sentence occurred on May 18, 2006, defendant did not satisfy the seven-day requirement of Federal Rule of Criminal Procedure 35(a).  Defendant's motion under Rule 35(a), therefore, is untimely.

Further, even if it were timely, defendant's motion does not seek to correct an arithmetical, technical or other clear error as required under Federal Rule of Criminal Procedure 35(a).  The motion seeks, rather, a reduced sentence on the basis that defendant's incarceration is causing his family financial and familial hardship.  Defendant has three daughters, ranging in age from twelve to eighteen.  Defendant's eldest daughter is a high school student and is on the cusp of her college education.  Defendant desires to help his daughter in preparing her to undertake the difficult tasks of visiting, applying to and selecting a college.  Defendant requests that this court release him so that he can attend to his familial obligations.  Defendant states that he has a good work history at the correctional facility in which he is incarcerated.  Defendant further offers that he has completed educational classes during his period of incarceration.  The court finds that while these factors are laudable and bode well for his successful reentry to society, they do not show arithmetical, technical or other clear error as required by Federal Rule of Criminal Procedure 35(a).

With respect to Federal Rule of Criminal Procedure 35(b), the court notes that the government did not file a motion with this court to reduce defendant's sentence.  Rule 35(b), therefore, cannot apply in this context.

*Conclusion*

For the reasons set forth above, this 22nd day of October, 2007, **IT IS HEREBY ORDERED** that defendant's motion to reduce this court's May 18, 2006, sentencing of the defendant (Doc. No. 35) is **DENIED**.

BY THE COURT:

/s/ JOY FLOWERS CONTI
Joy Flowers Conti
United States District Judge


cc: Joseph Colaizzi
    08473-068
    Federal Correctional Institution
    Box 1000
    Morgantown, West Virginia 26507-1000
    Gerard Unit

    Counsel of Record